11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charles
Sylvester Alridge, III

Appellant

Vs.                   No. 11-03-00246-CR B
Appeal from Galveston County

State
of Texas

Appellee

 

The jury found Charles Sylvester Alridge, III guilty of manslaughter and assessed his
punishment at imprisonment for 92
years.  Appellant appeals.  We affirm.

In a single issue, appellant contends that the
trial court=s
comments during voir dire regarding a defendant=s motivation for testifying and the
propriety of probation in a murder trial constituted Afundamental
error@ by
violating appellant=s right
to due process.  The sufficiency of the
evidence is not challenged.  Appellant
testified that the shooting of his former wife was an accident.

During the voir dire of
prospective jurors, the trial court instructed the jury on several appropriate
principles of law.  In explaining the
presumption of innocence, the court stated:

THE COURT: Anyone in the State of Texas that is
charged with a criminal offense, they are always presumed to be innocent until
their guilt is established by the evidence beyond a reasonable doubt.

 

So, as [appellant] sits right now, he=s presumed to be innocent.  An example that I like to use is if you were
selected as a juror in this case and you were sworn and seated and I asked the
District Attorney=s Office
to proceed and the District Attorney=s
Office stood up and said, AYour
Honor, we do not have any evidence or any witnesses,@
and sat down, you would have to come back with a verdict of not guilty because
the defendant is presumed to be innocent and, again, the District Attorney=s Office must present the evidence to
you that proves his guilt beyond a reasonable doubt.  Does everybody understand this concept of the
burden of proof and that the defendant is presumed to be innocent?

 

On a defendant=s
failure to testify, the court instructed the jury:

 








THE COURT: Another principle I want to talk about
is the defendant=s failure
to testify.  The defendant in any
criminal case is not required to prove himself or herself innocent.  If the defendant does not choose to testify,
you may not consider that fact as evidence of guilt, nor may you in your
deliberations comment or in any way allude to that fact.  Now, ladies and gentlemen, anyone who is
charged with a criminal offense, it means you, me or anyone of our loved ones,
if they were charged with a criminal offense, has a right not to be compelled
to testify if they choose not to.  A lot
of the times people sitting in jury panels like you, when they=re told about this concept, they think
to themselves, AWell, if
I was charged with an offense, especially something as serious as a felony, I
would want to get up and testify.@  And that=s
true.  I=m
sure that you would or I would.  But
at the same time we=re all
different.  There=s
some people who speak better in front of groups of people than other
people.  There are some people who are just
not as confident as others as far as speaking in front of groups.  There are also different levels of
intellect that we all have that goes along with that.  There are a thousand reasons why a defendant
may choose not to testify.

 

Also sometimes the defense attorney after the
State has presented their case may think that the State or the District
Attorney=s Office
has not proved their case beyond a reasonable doubt.  So there=s
no need to put his client on the stand. 
He may recommend to the defendant not to testify.  And the defendant may be relying on that
advice and, therefore, choose not to testify. 
And those are just a couple of reasons. 
But the main point is that you never know what the reason is behind
that.  And if you=re
selected as a juror, you cannot in any way allude to that or hold that against
the defendant during your deliberations. 
Can everybody here follow this instruction?

 

Regarding the range of punishment, the court instructed the jury:

 

Now, it=s
very important for the jury in this case to be able to consider the full range
of punishment.  I also mentioned earlier
that if the jury does not assess a sentence greater than ten years, that
probation is an option.  So, a fair and
impartial jury in this case has to consider the full range of punishment, five
to 99 years or life, and up to a $10,000 fine, and even consider the
possibility of probation.

 

I know that a lot of people, especially in a
serious case or a charge such as murder, sit out there and say that I would
never give probation in a murder case. 
The problem is circumstances of different cases vary a great deal from
one case to another.  Some cases may be
particularly heinous and certainly probation would not be warranted.  But there are other cases that are not as
heinous and the circumstances surrounding the person who may be convicted of
that offense may warrant in some cases probation.

 








Just a small example, there may be a defendant who
is convicted of murder who has never been in trouble with the law before.  It may be that this particular defendant
who was convicted, it was murder, but it was a mercy killing.  This particular defendant may be up in
age and the person that he was convicted of murdering was his wife who was very
ill at the time and suffering very badly. 
We could go through numerous scenarios that go across the broad range of
circumstances in a murder case, but the point that I=m
B I want to make and I want to stress is
that you have to keep an open mind and consider the full range of
punishment.  You=re
not to make up your mind about the punishment issue until you=ve heard B first you have to hear the
guilt-innocence evidence and be convinced that the defendant is guilty beyond a
reasonable doubt.  And once you get to
the punishment phase, you cannot make your mind up about the punishment until
after all the evidence in the punishment phase is present[ed] to you and, again,
I submit the case to you for your deliberations.  So, does everybody understand what I=m talking about as far as considering
the full range of punishment?

 

Appellant relies upon the underlined portion
of the court=s
statements to support his arguments on appeal.

Appellant did not object to any of the challenged
statements by the trial court.  Appellant
cites Blue v. State, 41 S.W.3d 129 (Tex.Cr.App.2000)(plurality op.), to support
his Afundamental
error@
challenge that his right to a fair trial before an impartial tribunal was
violated.  Specifically, appellant argues
that the trial court=s
comments regarding a defendant=s
failure to testify predisposed the jury to conclude that, if the defendant
testified, his attorney believed that the State had met its burden.  And, if the defendant did not testify, he
lacked the intellect to articulate his innocence in a manner to be deemed
credible.  Appellant argues that the
trial court=s
instructions regarding probation conveyed to the prospective jurors that the
only murderers that deserved probation were old men who killed their sick
wives.  Appellant argues that his right
to a fair trial before an impartial tribunal was violated.  We disagree with appellant=s characterization of the court=s comments.

The trial court=s
comments were not improper.  Appellant
chooses isolated statements to support his contention.  When the instructions are read in proper
context, the court instructed the jury not to speculate on why a defendant
might choose not to testify.  The court
informed the jury that there could be many different reasons why a defendant
might elect not to testify.  On the issue
of probation, the court emphasized to the jury panel that the court=s example was one of Anumerous scenarios@ and cautioned the prospective jurors
to keep an open mind and consider the full range of punishment.








The facts in Blue are clearly
distinguishable.  There, as pointed out
by Judge Keasler, the remarks could have reasonably
been interpreted as a predetermination by the trial court of Blue=s guilt.  Blue v. State, supra at 135-39; see
Jasper v. State, 61 S.W.3d 413, 421 (Tex.Cr.App.2001); Murchison v.
State, 93 S.W.3d 239, 262 (Tex.App. - Houston
[14th Dist.] 2002, pet=n
ref=d). 
The comments by the trial court in the present case, when read in proper
context, did not constitute fundamental error. 
Appellant=s issue
is overruled.

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

February 12, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, J., and

McCall,
J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.